## Harry M. Tabler v. James M. Yaple.

1. ABSTRACT—*when insufficient, authorizes affirmance.* Where the abstract is not in compliance with the rule, the court is justified in ordering an affirmance.

Bill to foreclose. Appeal from the Circuit Court of McDonough County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

T. Z. CREEL, for appellant.

SHERMAN, TUNNICLIFF & GUMBART, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a bill filed by appellee against appellant to foreclose a mortgage given to secure one principal note for $1,000 and five interest notes for $60 each. The answer of appellant alleges payment by him of the notes before maturity, to one Henry C. Agnew, the authorized agent of appellee, and the important questions involved upon the hearing, were whether payment was in fact made to said Agnew, and if made whether said Agnew was authorized to collect the said notes, or any of them, before maturity.

We are advised by the briefs and arguments of counsel for the respective parties that the chancellor sustained exceptions to the report of a special master finding that the notes involved had been paid and that appellee was not entitled to a decree of foreclosure, and entered a decree foreclosing the mortgage, but the abstract of the record filed by appellant, gives us no information upon the subject, other than such as may be obtained from the following excerpts : " Exceptions taken by complainant to report by special master ;" " Decree." The assignment of errors relied upon by appellant for a reversal of the decree, is abstracted thus : " Assignment of Errors."

Whether Henry C. Agnew was the agent of appellee authorized to collect notes before maturity, appears to have

been sharply controverted, and it is apparent that a course of dealing between Agnew and appellee, as evidenced by certain letters, reports and checks, was relied upon by both parties as determining that issue. Twenty-three exhibits offered in evidence by appellee, appear in the abstract as follows: "Defendant here offered the following exhibits, marked defendant's exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23. Exhibits objected to by plaintiff." Eighty-four exhibits, consisting of certain letters, checks, receipts and reports and a power of attorney, are not abstracted, but merely indexed.

The abstract does not comply with the rules of this court, and we cannot determine therefrom what errors are assigned or whether there was error in the court below. The decree is therefore affirmed.

*Affirmed.*